IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERRY QUINN DAVIS,
  Plaintiff,

vs.            Case No. 3:07cv167/MCR/MD

UNITED STATES OF AMERICA
and THE WORLD et al.
  Defendants.

---

## ORDER and
## **REPORT AND RECOMMENDATION**

  Plaintiff, appearing pro se, filed a complaint on a civil rights complaint form to be used in actions under 28 U.S.C. § 1331 or 1346 or 42 U.S.C. § 1983.  Plaintiff neither paid the $350.00 filing fee nor filed a motion for leave to proceed *in forma pauperis*, so the court entered an order directing him to do so.  At the time he filed his complaint, plaintiff maintained that he was homeless and he did not provide a mailing address to receive correspondence from the court.  Therefore, the court's order directing him to file an *in forma pauperis* application was held at the clerk's office for plaintiff to retrieve in person.  Plaintiff failed to pick up the court's order within thirty days, and the court entered a recommendation that the case be dismissed for failure to prosecute.  Almost thirty days after the entry of that recommendation, plaintiff finally returned to the clerk's office and filed a notice of change of address and a motion to proceed *in forma pauperis*. (Doc. 8).  The motion is not properly filled out, but requiring plaintiff to amend the motion would not be in the interest of judicial economy, as it is clear that this complaint should be dismissed. Thus, the motion will be granted for purposes of this recommendation.

On the first page of the complaint form, plaintiff indicates that he sues the United States of America and the World.  However, the clear identity of the defendant(s) and proper address(es) have not been provided. On the second page of the form plaintiff indicates that he sues the "World and U.S., 50 states government nonprofit organizations and businesses who deal in ignorant envious bloodlust. . ."  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the plaintiff seeks.  Plaintiff's submission fails to comply with this rule.  Short of the fact that the plaintiff appears to name the United States of America as one of the defendants in this action, no basis for the court's jurisdiction is apparent from the plaintiff's complaint.  His allegations are difficult to decipher, but the court can discern that as relief, plaintiff wants 12 million dollars to be used to create and promote inventions for real jobs for the American people to "figuratively start filling the desolate places in our country created by . . . uncreative ignorant undesireable (sic) suicidal murders," he wants psychological and medical treatment, he wants to be named director of the Waterfront Mission, and he wants a private studio apartment.  On the instruction page, he has written that he sues the World Court for 25 trillion dollars for something related to suicidal witchcraft.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B); *see Powell v. Hoover*, 956 F.Supp. 564 (M.D.Pa. 1997) (federal *in forma pauperis* statute is not limited to prisoner suits).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims

whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-1969, 1974, 2007 WL 1461066, at *14, *10–*11 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Accordingly, it is ORDERED:

The court's May 21, 2007 recommendation that this case be dismissed for failure to prosecute is hereby VACATED.

The plaintiff's motion for leave to proceed *in forma pauperis* (doc. 8) is GRANTED.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim and the clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of June, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).